Probate Court of Tuscarawas County.

IN RE ESTATE OF SYLVANUS J. FISHER.

Decided July 22, 1931.

*E. M. Estill,* for the Exceptor.
*Wilkin, Fisher & Limbach,* for the Estate.

LAMNECK, J.

Sylvanus J. Fisher died testate on March 12th, 1929, and William S. Fisher was appointed Executor of his estate on March 27th, 1929. On May 29th, 1929, G. L. Duncan, proprietor of the Duncan Elevator Company of Beach City, Ohio, filed a claim on a book account for $513.30 with the Executor. On the same day the said account was allowed by the following endorsement on the back thereof:

"Filed as a claim against the estate of Sylvanus J. Fisher and allowed by me this 29 day of May, 1929.

William S. Fisher,
Executor of the Will and
Estate of Sylvanus J.
Fisher, deceased."

The Affidavit filed with the account reads as follows:

"G. L. Duncan, being duly sworn, says that he is the owner and proprietor of Duncan Elevator Company of Beach City, Ohio; that he is the owner of a book account against the estate of Sylvanus J. Fisher, deceased, a copy of which, with all credits thereon, is hereto attached, marked "Exhibit A;" that there are no credits on the same except as shown thereon, and that there are no set-offs or counter-claims against the same; that there is justly due and owing this deponent thereon from the estate of said Sylvanus J. Fisher, deceased, a balance of Five Hundred Thirteen and 30/100 ($513.30) Dollars."

The first item on the account is dated September 5th, 1928, and the last item is on March 11th, 1929. The total items chargeable amount to $748.45 and the credits allowed thereon amount to $235.15.

On each page of the statement of the account filed with the Executor, the following appears: "All accounts bear 6 per cent interest after 60 days from date of purchase."

The Executor filed his first account on April 16th, 1930, showing receipts of $1276.27 and disbursements of $616.00. The account was approved on June 2nd, 1930, and at that time the Executor was given an additional time of one year within which to settle said estate.

On February 25th, 1931, the Executor paid Mr. Duncan, on his account, the sum of $359.31, and on March 31st, 1931, paid him an additional amount of $154.00.

The Executor filed his second and final account on April 3rd, 1931. To this account Mr. Duncan filed exceptions claiming that he was entitled to interest at the rate of six percent on the claim filed by him with the Executor, from March 11th, 1929, which the Executor did not recognize.

Except contracts and obligations which expresesly bear interest, claims of creditors are to be treated with respect to the matter of interest just as it stood at the time of the decedent's death. No interest can be allowed upon a claim up to the time of presentation even though demanded unless the paper or contract which is the basis of the claim shows that interest results as a matter of course from the facts stated.

Whether interest is to be allowed on this account up to the time of allowance depends upon the custom of the parties. In the account which was filed with the Executor, no claim was made for interest on the charges that were made, although there were many items which were over 60 days old and which had not been paid. We believe that this showed the relation between the parties to the effect that no interest was intended to be collected between settlements and that the statement appearing upon the billheads that all accounts bear six percent interest after 60 days from date of purchase was not in effect between the decedent and Mr. Duncan. The affidavit that was filed by Mr. Duncan accompanying his claim, stated that there was due Mr. Duncan from the estate of the decedent, a balance of $513.30, and no mention was made of interest, even though there was interest due if the statement on the billhead is taken into account.

Section 8305 of the General Code provides in part that when money becomes due and payable on any book account, or settlement between the parties on a verbal contract, the creditor is entitled to interest at the rate of 6% per annum.

The Court is of the opinion that when Mr. Duncan presented his claim to the Executor, and an endorsement of allowance was made thereon, the account then became due and payable and it also amounted to a settlement between the parties.

We know of no reason why an account should not bear interest at the date of 6% from the time of allowance as provided for in Section 8305 of the General Code. To hold otherwise would be unjust to creditors, especially in estates where it takes several years to collect all the assets and make distribution.

There are many decisions to the effect that interest does not accrue on a non-resident bearing claim until it becomes liquidated, or until its presentation to the legal representative for payment. (See Executors and Administrators, Cent. Dig. Sec. 1032-10-43, and Dec. Dig. Sec. 267).

We believe the correct rule for the governing of Executors and Administrators to be that interest should be allowed on a non-interest bearing claim against an estate from the date of allowance, on the amount allowed, because the allowance of the claim determines the standing of the parties at the time of allowance if the debtor offers no objection. If a creditor claims interest from the time of presentation to the time of allowance, and it is not allowed by the legal representative, that would amount to a rejection of his claim. To enforce his claim, he would be compelled to bring suit against the legal representatives within six months thereafter, or be governed by the allowance.

Having these views, the exceptions will be sustained and the Executor is ordered to pay interest on the claim of the exceptor at the rate of 6% simple interest from the date of the allowance to the date of payment.